IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

**FILED**

Southern Division

SEP 2 7 2016

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 16-20629 |
| ) | |
| vs. ) | Hon. Robert H. Cleland |
| ) | |
| CHARLES L. DODD JR., ) | Offense: 18 U.S.C. § 666(a)(1)(B) |
| ) | (Federal Program Bribery) |
| Defendant. ) | |
| ) | Statutory Maximum Penalties: |
| ) | Up to 10 years in prison |
| ) | Up to $250,000 fine |
| _____ ) | Up to 3 years of supervised release |

## PLEA AGREEMENT

The United States of America, by and through the undersigned attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and Charles L. Dodd Jr. (hereinafter the "defendant") enter into the following Plea Agreement:

### Charges and Statutory Penalties

1.  The defendant agrees to waive indictment and to plead guilty to a one-count Information charging him with a violation of 18 U.S.C. § 666(a)(1)(B).

2.  The defendant understands that 18 U.S.C. § 666(a)(1)(B) has the following essential elements, each of which the United States would be required to

1

prove beyond a reasonable doubt at trial:

a.   First, the defendant was an agent of a state or local government or any agency thereof.

b.   Second, the defendant solicited or demanded for the benefit of any person, or accepted or agreed to accept anything of value from another person.

c.   Third, the defendant acted corruptly with the intent to be influenced or rewarded in connection with any business, transaction, or series of transactions of the government or agency.

d.   Fourth, the value of the business, transaction, or series of transactions to which the payment related was at least $5,000.

e.   Fifth, within a one-year period, the government or agency received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

3.   The defendant understands that, pursuant to 18 U.S.C. §§ 666(a)(1)(B), 3571(b)(3), 3583(b)(2), and 3013(a)(2)(A), Count One carries a maximum sentence of ten years of imprisonment, a fine of $250,000, a three-year term of supervised

2

release, and a special assessment of $100. The defendant further understands that the defendant may be required to pay restitution, and that the Court may order the defendant to pay any applicable interest or penalties on fines or restitution not timely made, pursuant to 18 U.S.C. §§ 3556, 3572, and 3612.

4.     If the Court accepts the defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute the defendant for the specific conduct described in the statement of facts below. This agreement is not intended to provide any limitation of liability arising out of any acts of violence.

5.     The defendant understands that by entering into this Plea Agreement, the defendant surrenders certain rights as provided in this Plea Agreement. The defendant understands that the rights of criminal defendants include the following:

a.     the right to plead not guilty and to persist in that plea;

b.     the right to a jury trial;

c.     the right to be represented by counsel — and if necessary have the Court appoint counsel — at trial and at every other stage of the proceedings;

3

d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

**Statement of Facts**

6.      The defendant agrees that the following statement of facts fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty.   The defendant knowingly, voluntarily, and truthfully admits the facts set forth in this Plea Agreement.

7.      This statement of facts constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the United States Sentencing Guidelines and related Policy Statements (hereinafter "USSG" or "Sentencing Guidelines"). The defendant agrees that all of the information contained within this statement of facts constitutes relevant conduct for purposes of sentencing, within the meaning of USSG § 1B1.3, and may be used in determining the applicable Sentencing Guidelines range.

8.      From approximately 2008 to 2012, the defendant served as deputy director of the Information Technology Services Department of the City of Detroit, Michigan (hereinafter "ITS").   From approximately 2012 to 2014, the defendant served as director of ITS.   From approximately 2014 to the present, the defendant has served as director of the City of Detroit's Office of Departmental Technology

4

Services (hereinafter "DTS"). In each of these positions, the defendant exercised discretionary supervisory authority over a staff of dozens of city employees and contractors. In each of these positions, the defendant also exercised substantial influence over the administration of multi-million-dollar contracts between the City of Detroit and private information technology vendors in the Detroit area, the selection of vendors to enter into contracts with and perform work for the City of Detroit, and the payment of city funds to vendors performing work for the City of Detroit.

9.     Beginning in approximately 2009, and continuing through at least December 2015, the defendant solicited and accepted cash payments totaling more than $15,000, a trip to North Carolina, and other things of value from PERSON A, who was then the president and chief executive officer of COMPANY A, a private contractor that provided information technology services and personnel to the City of Detroit. The services provided by COMPANY A to the City of Detroit exceeded $5,000 in value in each of the years from 2009-2015. The defendant accepted these cash payments and other things of value from PERSON A intending to be influenced and rewarded in connection with COMPANY A's efforts to obtain business from the City of Detroit. The defendant exercised his official influence to provide

preferential treatment to COMPANY A in exchange for the cash payments and other things of value that the defendant received from PERSON A.

10.    In approximately 2009, the defendant solicited and accepted cash payments totaling more than $6,000 from PERSON B, who was then an employee of COMPANY B, a private contractor that provided information technology services and personnel to the City of Detroit. The services provided by COMPANY B to the City of Detroit exceeded $5,000 in value in 2009. The defendant accepted these cash payments from PERSON B intending to be influenced and rewarded in connection with COMPANY B's efforts to obtain business from the City of Detroit. The defendant exercised his official influence to provide preferential treatment to COMPANY B in exchange for the cash payments that the defendant received from PERSON B.

11.    Beginning in approximately October 2014, and continuing through at least February 2016, the defendant solicited and accepted cash payments totaling $8,500 and other things of value from PERSON C, who was then the chief executive officer of COMPANY B. Specifically, the defendant accepted cash payments from PERSON C of $5,000 in December 2014, of $1,500 in February 2015, and of $2,000 in November 2015. The services provided by COMPANY B to the City of Detroit exceeded $5,000 in value in each of the years from 2014-2016. The defendant

6

accepted these cash payments from PERSON C intending to be influenced and rewarded in connection with COMPANY B's efforts to obtain business from the City of Detroit. The defendant exercised his official influence to provide preferential treatment to COMPANY B in exchange for the cash payments that the defendant received from PERSON C.

12.    In each of the years from 2009 to 2016, the City of Detroit received more than $10,000 in funding from the U.S. Department of Housing and Urban Development.

13.    The preceding statement of facts is a summary, made for the purpose of providing the court with a factual basis for the defendant's guilty plea.  It does not include all of the facts known to the defendant concerning criminal activity in which he and others engaged, nor does it contain all the facts that the United States could prove in a trial against the defendant or any of his co-conspirators.

**Sentencing**

14.    The defendant is aware that the sentence will be imposed by the Court after considering the Sentencing Guidelines.  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation conducted by the Court's

probation office, which will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence, or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence, that the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and that such ultimate sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

15. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this

Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

16. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the Court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

17. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as set forth in the United States Sentencing Commission Guidelines Manual for 2015. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a. Offense Level under the Guidelines

| | | |
|---|---|---|
| Base offense level: | 14 | USSG § 2C1.1(a)(1) |
| More than one bribe: | +2 | USSG § 2C1.1(b)(1) |
| Value of bribes >$15,000: | +4 | USSG § 2C1.1(b)(2) |
| High-level decision-making position: | +4 | USSG § 2C1.1(b)(3) |

9

Adjusted offense level:                24

The agreed-upon Guidelines calculations are reflected in the worksheets attached to this Plea Agreement.

> b.    Acceptance of Responsibility

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction in the defendant's offense level would be appropriate, pursuant to USSG § 3E1.1(a).

The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

> i.      fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;
>
> ii.     challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;
>
> iii.    denies involvement in the offense;
>
> iv.     gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

v.      fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi.     obstructs or attempts to obstruct justice, prior to sentencing;

vii.    has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii.   fails to appear in Court as required;

ix.    after signing this Plea Agreement, engages in additional criminal conduct; or

x.     attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and the defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b) of the Sentencing Guidelines, because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting

the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 21.

      c.    <u>Criminal History Category</u>

Based upon the information now available to the United States (including representations by the defense), the defendant has one criminal history point. In accordance with the above, therefore, the defendant's Criminal History Category is I.

      d.    <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 37 to 46 months (the "Stipulated Guidelines Range"). In addition, the parties agree that should the Court impose a fine, at Guidelines offense level 21, the applicable fine range is $15,000 to $150,000.

**<u>Agreement as to Sentencing Allocution</u>**

18.    The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon

the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a). In support of any variance argument, the defendant agrees to provide to the United States reports, motions, memoranda of law and documentation of any kind on which the defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

### Court Not Bound by the Plea Agreement

19.    It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.    In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Appeal Waiver

20.    The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware

that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in exchange for the promises made by the government in entering this Plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

    a.    Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of the defendant's sentence.

    b.    If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

    i.    that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

    ii.    challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

    iii.    challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and

    iv.    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

21.    By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in paragraph 20 of this Plea Agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the

waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

22.    The defendant's waiver of rights in paragraph 20 shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court cases decided after the date of this Plea Agreement that are held by the United States Court of Appeals for the Sixth Circuit or the United States Supreme Court to have retroactive effect.

### Release/Detention

23.    The defendant acknowledges that while the United States will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty.  Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, the United States may move to change the defendant's conditions of release or move to revoke the defendant's release.

### Breach of Agreement

24.    The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages

16

in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) the United States will be free from its obligations under the Plea Agreement; (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

25.     The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights arising under these rules.

26.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the

evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

27.    Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement.  The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses.  The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement.  In the event of such a breach, however, the defendant will not be permitted to withdraw this guilty plea.

### Waiver of Statute of Limitations

28.    It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea

18

Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution.  It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

### Forfeiture

29.    The defendant agrees, pursuant to 18 U.S.C. § 982(a)(3), to forfeit all right, title, and interest he has in any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of the crime to which the defendant is pleading guilty.  Such property includes $8,500 in United States currency, which amount represents the gross proceeds the defendant obtained as a result of the crime to which the defendant is pleading guilty.  The defendant admits and agrees that the conduct described in the charging instrument and Plea Agreement provides a sufficient factual and statutory basis for the forfeiture of the property described in this paragraph.

30.    The defendant further agrees to the entry of a forfeiture money judgment in the amount of $8,500, which the parties agree represents the total amount of proceeds traceable to the offense to which the defendant is pleading

guilty. The net proceeds realized by the government from the forfeiture of the specific assets identified above will be credited towards satisfaction of the money judgment entered against the defendant.

31. The defendant further agrees to waive all interest in any assets identified above as subject to forfeiture in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property, as well as any money judgment, and waives the requirements of Rule 32.2 of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and the defendant waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

32. The defendant agrees to fully and truthfully disclose all of his assets and sources of income to the United States as well as the existence, nature and location of all assets forfeitable to the United States, either directly or as substitute assets, in which he and/or his co-conspirators have or had any direct or indirect financial interest, or exercise or exercised control, directly or indirectly, during the

period from November 2014 to February 2016. The defendant also agrees to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. As part of this cooperation, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of all such forfeitable assets and to provide and/or consent to the release of the defendant's federal and state income tax returns for the previous five years. The defendant understands and agrees that the United States will use the financial information when making its recommendation to the Court regarding the defendant's acceptance of responsibility for the offenses charged in the information. The defendant further agrees that he will not assist any third party in asserting a claim or a petition for remission to the forfeited assets in any proceeding and that he will testify truthfully in any proceeding related to the forfeiture of these assets. The defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last five years, the defendant owned, or in which the defendant

21

maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this Plea Agreement.

33.    Except as to the circumstances described in Paragraph 12(b) of this Plea Agreement, the defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

**Complete Agreement**

34.    No agreements, promises, understandings, or representations have been made by the parties or their counsel—either orally, in writing, or by any other means—other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

35.    Notwithstanding the previous paragraph, if the defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the United States, this Plea Agreement does not supersede or abrogate the terms of any such prior written agreement.

36.    The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice.  This Plea Agreement does not bind any other office or component of the United States Department of Justice, including the United States Attorneys' Offices, nor does it bind any state or local authorities.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

37.     By signing the Plea Agreement in the space indicated below and returning the original once it has also been signed by counsel for the defendant, the defendant acknowledges that the terms and conditions of this Plea Agreement are satisfactory.


RAYMOND N. HULSER
Chief
Public Integrity Section


By:     _____
Robert J. Heberle
Nicholas Connor
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Ave. NW
Washington, DC  20530
(202) 514-1412
robert.heberle@usdoj.gov
nicholas.connor@usdoj.gov

24

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, except as otherwise provided in this Plea Agreement. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: 9-27-16

Charles L. Dodd Jr.
Defendant

25

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully.  These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: _9\27\16_____                    _____
                                        William W. Swor
                                        Counsel for the Defendant